# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# CIVIL ACTION NO. 2:12CV76-RLV

| | |
|---|---|
| JEFFERY ERIC BALDWIN, | ) |
| Plaintiff, | ) |
| v. | ) **Memorandum and Order** |
| CAROLYN W. COLVIN, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on cross motions for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure. (Docs. 16, 18).

## I. PROCEDURAL AND BACKGROUND FACTS

Jeffery Eric Baldwin filed for Title II Period of Disability and Disability Insurance benefits on September 16, 2010 (Tr. 17, 61). Plaintiff then filed for Title XVI Supplemental Security Income Benefits on September 16, 2010. Plaintiff's claims were denied on December 6, 2010. (Tr. 17, 42). Plaintiff requested a hearing before an administrative law judge ("ALJ") via teleconference and the conference was held on January 13, 2013. (Tr. 17, 53). The ALJ found he was not disabled under sections 216(i), 223(d) and 1614(a)(3)(A) of the Social Security Act. (Tr. 17−18). Plaintiff requested review of the ALJ's decision by the Appeals Council, but the request was denied in August of 2012. (Tr. 6−9). Plaintiff brought this claim in October of 2012 under 42 U.S.C. §405(g).

Plaintiff was born on July 15, 1963 and has a high school education. (Tr 61, 240). Plaintiff had a consistent work history with past relevant work as a telephone cable splicer and telephone installer/repairer. (Tr. 238). Prior to September 2010, Plaintiff jumped sixty-seven feet

1

from the roof of a barn injuring his lower back and resulting in two compound fractures. (Tr. 173−74; 239). Plaintiff was given pain medications, wore a back brace at all times and could not lift, push, or pull anything over eight pounds. (Tr. 159). After the jump, Plaintiff underwent L1 and L3 kyphoplasties surgery in September of 2010. (Tr. 242). After surgery, Plaintiff complained of continuous severe pain of his lower back and leg and complained that he could not sit for long periods. (Tr. 242).

Plaintiff is severely impaired with degenerative disc disease of the spine. (Tr. 19). The ALJ reviewed listing 1.04 (Disorders of the Spine) and did not find that Plaintiff had nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis as required by the listing; and therefore, Plaintiff's impairment did not meet one of the listed impairments. (Tr. 19). At step five, the ALJ concluded that Plaintiff had the RFC to perform sedentary work if allowed a sit/stand option. (Tr. 20); 20 CFR 404.1567(a) and 416.967(a). The vocational expert ("VE") testified that Plaintiff's past work as a telephone installer/repairer was medium, skilled with an SVP of 6, and that his work as a cable splicer was a medium with an SVP of 3. (Tr. 254). The VE concluded that Plaintiff could not perform any of his past relevant work, but that jobs exist in the regional and national economy that Plaintiff could perform with a sit/stand option. (Tr. 254—256).

## II.     STANDARD REVIEW

Judicial review of a final decision of the Commissioner is authorized under 42 U.S.C § 405(g) and is limited to consideration of (1) whether substantial evidence supports the Commissioner's decision and (2) whether the Commissioner applied the correct legal standards. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence," but may be

somewhat less than a preponderance. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). It is evidence that a reasonable mind would find as adequate to support a conclusion. *Richardson*, 402 U.S. at 401. District Court's review of the Secretary's decision is not *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1990).

Instead, the District Court must uphold the Commissioner's decision even when the reviewing court would have come to a different conclusion, as long as the Commissioner's decision is supported by substantial evidence. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). A court may not re-weigh conflicting evidence, make credibility determinations, or substitute its own judgment for that of the Commissioner while reviewing whether the decision is supported by substantial evidence. *Craig,* 76 F.3d 585 at 589. The ALJ has the ultimate responsibility to weigh the evidence and resolve any conflicts. *Hays*, 907 F.2d at 1456.

**III.    The ALJ's Evaluation Process**

The ALJ must follow a five-step process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. First, the claimant must not be involved in substantial gainful activity, or the claimant's application for disability is denied regardless of medical condition, age, education, or work experience. 20 C.F.R. §§ 404.1520, 416.920. Second, the claimant must demonstrate a severe impairment. If the claimant does not show any impairment or combination of impairments which significantly limit the claimant's physical or mental ability to perform work, then the claimant is not disabled. *Id.* Third, if the claimant's severe impairment meets one of the listed impairments of Appendix 1, Subpart P, Regulation 4, the claimant is disabled regardless of age, education or work experience. *Id.* Fourth, if the impairment is severe but does not equal a listing, then the ALJ determines the claimant's residual functional capacity (RFC) and the physical and mental demands of work done in the past. If the ALJ finds the claimant can

perform his past relevant work, then claimant is not disabled. Ultimately, if the claimant cannot perform his relevant past work and has a severe impairment, then the ALJ considers whether the claimant's RFC, age, education, and past work experience enable the performance of other work. *Id.* If the claimant can perform other work in the national or local economy, the claimant is not disabled. Here, the ALJ concluded that the claimant was not disabled at step five. Although Plaintiff was severely impaired, ALJ found Plaintiff could perform other work.

## IV. DISCUSSION

The issues on appeal are (1) whether the ALJ was required to order a consultative examination or further develop the record; (2) whether the ALJ's credibility determination is supported by substantial evidence; (3) whether the ALJ properly evaluated the subjective evidence; and (4) whether the ALJ's RFC determination that Plaintiff could do other work is supported by substantial evidence.

### 1. The ALJ did fully develop the record and was not required to order a consultative examination.

The ALJ based his decision on a fully developed record and was not required to order a consultative examination. The ALJ has a duty to develop the record only when there is inadequate evidence and has the discretion to decide when to order a consultative examination. *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986); *Bishop v. Barnhart*, 78 Fed. App'x 265, 268 (4th Cir. 2003); 20 C.F.R. §§ 404.1519a, 416.919a. The lack of a treating physician's opinion does not trigger the ALJ's duty to order a consultative examination or further develop the record. *Lehman v. Astrue*, F. Supp. 2d, No. 10-2160, 2013 WL 687088, at *10 (D.Md. Feb. 22, 2013). Here, two state agency physicians gave opinions, and there is evidence in the record from Plaintiff's treating physician. (Tr. 21 − 22). Under Social Security Administration regulations, the expert opinions of the examining medical sources and state agency reviewing

4

doctors may amount to substantial evidence where they represent a reasonable reading of the relevant medical evidence. *Carroll v. Astrue,* No. 12-386, 2013 WL 431839, at *3 (W.D.N.C. Jan 15, 2013). Additionally, Plaintiff has not indicated any missing evidence in the medical record or argued that a consultative examination would show additional evidence. *See Scarberry v. Chater*, No. 94-2000, 1995 WL 238558, at *4 n.13 (4th Cir. Apr. 25, 1995); *Hardy v. Astrue*, No. 11-299, 2013 WL 66082, at *7 (W.D.N.C. Jan. 4, 2013). Ultimately, Plaintiff's attorney had no objection to the evidence and had nothing further to submit at the hearing. (Tr. 236). An attorney may not later attack the ALJ for failing to investigate further when the attorney approved of the record. *Hardy*, 2013 Wl 66082, at *7. Therefore, the ALJ was not required to order a consultative examination or to further develop the record in this case.

### 2. The ALJ's Credibility Determination.

Substantial evidence supports the ALJ's credibility determination. The Court must give deference to the ALJ's credibility determination. *See Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005).

The determination of whether a person is disabled by non-exertional pain or other symptoms is a two-step process: "First, there must be objective medical evidence showing the existence of a medical impairment(s) ... which could reasonably be expected to produce the pain or other symptoms alleged." *Craig v. Chater,* 76 F.3d 585, 594 (4th Cir.1996) (citations omitted). If there is such evidence, then the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work." *Id.* at 595; *see* 20 C.F.R. § 416.929(c)(3).

At the first step of the *Craig* analysis, the ALJ found that Plaintiff's medically determined impairments could reasonably be expected to cause the alleged symptoms. (Tr. 21).

5

However, at step two the ALJ determined that Plaintiff's statements of the intensity, persistence, and limiting effects of his symptoms were not fully credible to the extent they were inconsistent with the RFC. (Tr. 21). At step two, the ALJ may consider Plaintiff's testimony and subjective complaints, Plaintiff's medical history and findings, objective medical evidence, and any other relevant evidence to the impairment's severity. SSR 96-7p, 1996 WL 374186, at *1; 20 C.F.R. § 416.929. The ALJ is not required to discuss each factor individually, but rather the ALJ's "[d]etermination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.*

Plaintiff contends that he has "broad, disabling exertional limitations in sitting, standing, and walking, as well as restrictive postural limitations" (Tr. 21). However, the ALJ found that the severity of Plaintiff's impairments as claimed was not supported by the objective medical evidence. (Tr. 21); 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2)(describing objective medical evidence as a useful indicator in assisting the ALJ in making determinations about the intensity and persistence of Plaintiff's symptoms). The ALJ commented that Plaintiff's complaints were general and lacked specificity that might make them convincing. (Tr. 21). *See Wittle v. Shalala*, No. 93-2409, 1995 WL 38981, at *4 (4th Cir. Feb. 2, 1995) (maintaining a negative credibility finding on this basis of vagueness). Furthermore, Plaintiff is required to support his claims of pain with evidence of an impairment that could be expected to produce the pain in the same degree. *Craig*, 76 F.3d at 591. Plaintiff walked with a steady gait, showed positive reflexes, and had good hip movement. (Tr. 185, 195, 199−200). Plaintiff does contend that he suffers from chronic pain. (Tr. 242−43). Although the ALJ recognized that Plaintiff's impairments could

6

cause some pain, "disability requires more than mere inability to work without pain." *Ferrante v. Bowen*, No. 88-3907, 1989 WL 14408 at *4 (4th Cir. Feb. 7, 1989) (finding pain must be so severe to preclude any substantial gainful employment). Plaintiff has not shown that the ALJ erred in his credibility determination.

### 3. The ALJ erred in his assessment of the state agency physician's opinions but did not prejudice Plaintiff.

The ALJ's error in assessing the state agency physician's opinions was harmless and did not prejudice Plaintiff. Plaintiff contends that the ALJ erred by not indicating which of the physician's opinions received great weight. (Tr. 21). However, even though the ALJ erred in not specifying the opinion to which he gave great weight, the error was harmless, because Plaintiff did not demonstrate any resulting prejudice. Plaintiff bears the burden of demonstrating prejudicial error. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (holding that the burden is on the party attacking an agency's determination to show that prejudice resulted from any error).

Dr. Pyle and Dr. Jessup were the two state physicians who gave opinions on November 22, 2010 and March 24, 2011, respectfully. (Tr. 35-37; 202−09). Dr. Pyle noted that Plaintiff could perform light work, meaning Plaintiff could lift up to twenty pounds occasionally and ten pounds frequently; stand, walk, and sit for six hours in an eight-hour workday; occasionally climb, balance, stoop, kneel, crouch, or crawl; and should avoid concentrated exposure to hazards. (Tr. 35−37). Similar to Dr. Pyle's 2010 opinion, in 2011, Dr. Jessup stated that Plaintiff could perform light work with the same postural limitations. (Tr. 203−04).

However, the ALJ decided that Plaintiff could only perform sedentary work, meaning he was to lift no more than ten pounds at a time. (Tr. 20); 20 C.F.R. §§ 404.1567(a), 416.967(a). The ALJ then added the further exceptions that Plaintiff's job should have a sit/stand at will option or position neutral, Plaintiff should not use ladders, ropes or scaffolds, could occasionally

7

stoop, crouch, bend, and crawl; and must avoid concentrated exposure to hazards. (Tr. 20). The ALJ made a more restrictive RFC determination than either of the state physicians; and therefore, the error in failing to explicitly weigh both physician's opinions was harmless. *See Keever v. Astrue*, No. 11-148, 2012 WL 2458376 at *3 n.2 (W.D.N.C. June 1, 2012), *aff'd* 2012 WL 2449859 W.D.N.C. June 27, 2012); *Morgan v. Barnhart*, 142 F. App'x 716,723 (4th Cir 2005) (finding that any error the ALJ made in discounting a medical opinion that provided essentially the same restrictions as the RFC was harmless).

### 4. The ALJ's RFC determination that Plaintiff could do other work in the national economy is supported by substantial evidence.

The ALJ accurately conveyed Plaintiff's assessed RFC to the VE and was not required to ask the VE if the number of jobs Plaintiff could do would be reduced by the sit/stand option. Although Plaintiff claims the ALJ did not ask the VE about the sit/stand option "at will," the ALJ did specifically question the VE about an "at will" sit/stand option: "'All right. Would you define a sit/stand option that would usually apply.' 'Sit/stand at will or position neutral.'… 'And suppose we add the sit/stand option to the sedentary hypothetical, the second one?' 'Once again, it would not change the testimony.'" (Tr. 255—56). After the ALJ confirmed with the VE the meaning of a sit/stand option, the VE testified that the exception would not change the testimony that Plaintiff could still perform work in the national or local economy. The wording of the ALJ's hypothetical question of "at will or position neutral" was specific enough to describe Plaintiff's limitations. *See Walls v. Barnhart*, 296 F.3d 287, 290-91 (4th Cir. 2002) (finding a hypothetical requiring "allowance for a … sit, stand option at the claimant's discretion" sufficiently clear); *Lusk v. Astrue*, No. 11-00196, 2013 WL 498797, at *4 (W.D.N.C. Feb. 11, 2013)(discovering no error in the ALJ's failure to specify the frequency of claimant's need to sit/stand because the requirement of a sit/stand option "clearly contemplates that the claimant

requires the option to sit or stand at will during the work day"); *Cosom v. Astrue*, No.11-294, 2012 WL1898918, at *2 (W.D.N.C. May 24, 2012)(refuting plaintiff's argument that ALJ's question was improper, because it did not specify the frequency of the need to sit or stand). The ALJ did include all of Plaintiff's limitations in the hypothetical; and therefore, the ALJ was not required to ask further questions about the sit/stand option. *See McFalls v. Astrue*, No. 10-063, 2011 WL 6000513, at *6 (W.D.N.C. Nov. 30, 2011) (describing the process by which an ALJ must question a VE when there is a sit/stand limitation in the RFC). The VE's testimony was sufficient to support the finding that Plaintiff could perform work in the national economy. *See Walker v. Bowen*, 889 F.2d 47, 50-51 (4th Cir. 1989) (recognizing that a VE's testimony in response to a hypothetical question based on an accurate RFC constitutes substantial evidence to support the ALJ's decision that Plaintiff was not disabled).

Further, the VE's testimony is consistent with the Dictionary of Occupational Titles ("DOT") and supports the conclusion that Plaintiff can perform work in the national or local economy. The DOT's muteness on the issue of a sit/stand option does not necessarily conflict with the VE testimony that an individual requiring a sit/stand option could perform a given job. *Lusk*, 2013 WL 498797, at *5; *McFalls,* 2011 WL 6000513, at *6. At the beginning of the VE's testimony, the VE stated that he would tell the ALJ about any conflicts between his testimony and the DOT. (Tr. 253). The VE did not alert the ALJ to any such conflict, and Plaintiff does not identify any conflict that the VE should have told the ALJ. (Tr. 253-56). The questions to the VE were sufficient; and therefore, the ALJ's RFC determination was supported by substantial evidence. Plaintiff's claims are without merit.

V.     **CONCLUSION**

9

The Court concludes that (1) the ALJ did fully develop the record and was not required to order a consultative examination; (2) substantial evidence supports the ALJ's determination that while Plaintiff could reasonably experience pain from his alleged symptoms, the ALJ found that the intensity, persistence, and limitations as alleged were not supported by the evidence in the record; (3) the ALJ erred in his assessment of the state agency physician's opinions; however, the ALJ's error did not prejudice Plaintiff; and (4) the ALJ's RFC determination that Plaintiff could do other work in the national economy is supported by substantial evidence. For the foregoing reasons, the Court determines that the Commissioner's decision that Plaintiff is not disabled must be affirmed.

VI. **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Summary Judgment is hereby **DENIED**; Defendant's Motion for Summary Judgment is **GRANTED**; and the Commissioner's decision is **AFFIRMED**.

Signed: August 12, 2014

Richard L. Voorhees
United States District Judge